UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BENNY WAYNE BUTLER | ) | CHAPTER 7 |
| TAMMY A. BUTLER, | ) | |
| | ) | CASE NO. 11-40930-mgd |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| SKYDIVE ARIZONA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| v. | ) | CASE NO. 11-04037-mgd |
| | ) | |
| BENNY WAYNE BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Skydive Arizona, Inc. ("Plaintiff"), Plaintiff in the above-styled adversary proceeding ("Adversary Proceeding"), by and through the undersigned counsel and pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, and files this supporting brief ("Brief") in conjunction with the Plaintiff's Motion for Summary Judgment ("Motion"), showing the Court as follows:

**Statement of Facts**

This Adversary Proceeding arises from a debt that Benny Wayne Butler ("Defendant") owes to the Plaintiff as a result of a judgment ("Judgment") entered on April 16, 2010, by the United States District Court of Arizona ("Arizona District Court"), and as modified by an order ("Ninth Circuit Order") entered on March 12, 2012, by the United States Court of Appeals for

the Ninth Circuit ("Ninth Circuit"). The Judgment, as modified by the Ninth Circuit Order, rendered the Defendant, along with various co-parties, liable to the Plaintiff for damages resulting from: (i) trademark infringement under § 32 of the Lanham Act (15 U.S.C. § 1114); (ii) false advertising under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (iii) cybersquatting under § 43(d) of the Lanham Act (15 U.S.C. § 1125(d)(1)(A)).

The Judgment, as originally entered in the Arizona District Court, awarded the Plaintiff $9,500,004.00 (plus attorneys' fees) on the trademark infringement and false advertising claims, for which the Defendant was jointly and severally liable, as well as an additional $120,000.00 on the cybersquatting claim, for which the Defendant was individually liable. This Judgment reflected a post-trial order ("Post-Trial Order"), entered on March 31, 2010, by which the Arizona District Court exercised its discretion under § 35(a) of the Lanham Act to double the amount of actual damages that the jury had awarded in its verdict ("Jury Verdict"). The Arizona District Court also entered a permanent injunction ("Permanent Injunction"), which enjoined the Defendant from, among other things, using marks that are confusingly similar to the trademark "Skydive Arizona" in connection with the sale, advertisement, or promotion of the Defendant's businesses or any other related entities.

The Defendant, along with various co-parties, appealed the Judgment and the Permanent Injunction, as well as the Arizona District Court's award of attorneys' fees, to the Ninth Circuit. During the pendency of these appeals, on March 23, 2011, the Defendant and his wife, Tammy A. Butler, filed a petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), thus commencing the above-captioned bankruptcy case in the United States Bankruptcy Court for the Northern District of Georgia, Rome Division ("Underlying Bankruptcy Case"). This Court entered a consent order authorizing both the Plaintiff and the

2

Defendant to proceed with prosecuting the appeals. Thereafter, following the Plaintiff's initiation of this Adversary Proceeding on July 1, 2011, this Court entered a consent order staying the Adversary Proceeding until the Ninth Circuit issued final order(s) resolving all of the issues raised in the appeals.

Subsequently, on March 12, 2012, the Ninth Circuit issued the Ninth Circuit Order, which affirmed the Defendant's liability to the Plaintiff, but modified the Judgment to reflect the actual damages awarded in the original Jury Verdict. The Ninth Circuit Order ultimately awarded the Plaintiff: (i) actual damages of $3,500,000.00 on the trademark infringement and false advertising claims; (ii) lost profits of $2,500,004.00 on the trademark infringement claim, for which the Defendant is jointly and severally liable; and (iii) statutory damages of $120,000.00 on the cybersquatting claim, for which the Defendant is individually liable.

The Ninth Circuit Order did not modify the Arizona District Court jury's findings that the Plaintiff had proven by clear and convincing evidence that the Debtor's trademark infringement and false advertising were willful and that as a result of these violations of the Lanham Act, as well as the cybersquatting violation, the Plaintiff had been damaged. (*See* Arizona Dkt. No. 370). Furthermore, the Defendant did not appeal, nor did the Ninth Circuit Order modify the jury's findings that: (i) the Defendant aided and abetted certain co-parties' infringements of the Plaintiff's trademark "with the intent of promoting the wrongful conduct"; and (ii) the Defendant engaged in cybersquatting with "a bad faith intent to profit from" the Plaintiff's trademark. (*See* Arizona Dkt. No. 365 at 48, 55-57; Arizona Dkt. No. 370 at 4, 11-13). Neither the Defendant, nor the Plaintiff has appealed the Ninth Circuit Order, and as such, the issues raised in the underlying appeals have reached a full and final adjudication.

For the reasons set forth below, the Plaintiff submits that the Judgment it has obtained against the Defendant, as modified by the Ninth Circuit Order, binds the Defendant conclusively before this Court on all dispositive issues regarding dischargeability, such that the Judgment debt owed by the Defendant is non-dischargeable as a matter of law under 11 U.S.C. §§ 523 and 727.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, the Plaintiff shall be entitled to summary judgment if "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing former text of Fed. R. Civ. P. 56); *see also Streeter v. City of Pensacola*, 2012 U.S. App. LEXIS 25449, *3 (11th Cir. Dec. 13, 2012) (quoting *Celotex*). The Plaintiff bears the burden of establishing that no such genuine issues exist and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Once the Plaintiff meets this burden, however, the Defendant "must go beyond the pleadings and bring forth specific facts to establish there is no genuine issue for trial." *Lusk v. Williams (In re Williams)*, 282 B.R. 267 (Bankr. N.D. Ga. 2002) (citing *Matushita Electric Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## Argument & Citation of Authority

Section 523 of the Bankruptcy Code states that an individual debtor, such as the Defendant here, seeking a discharge under § 727 shall not receive a discharge from any debt relating to "willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." 11 U.S.C. § 523(a)(6); *see also* 11 U.S.C. § 727(b). If the Court finds that any of these grounds exists, then the debt is non-dischargeable.

4

As regards this particular Adversary Proceeding, the existence of the Defendant's willfully, maliciously injurious conduct has already been conclusively determined in the Arizona District Court and the Ninth Circuit, as represented by the Judgment, as modified by the Ninth Circuit Order. Thus, under the doctrine of collateral estoppel, the Defendant shall be bound in the present Adversary Proceeding by such past judicial determinations.

**The Grounds for Non-Dischargeability Have Already Been Found to Exist in Previous Adjudications and Such Adjudications Are Binding Under the Doctrine of Collateral Estoppel**

The Judgment debts owed by the Defendant to the Plaintiff, as modified by the Ninth Circuit Order, are non-dischargeable pursuant to § 523 of the Bankruptcy Code. All issues necessary to establish non-dischargeability under this section have been conclusively determined in the Arizona District Court and Ninth Circuit proceedings.

It is well settled that the doctrine of collateral estoppel applies to non-dischargeability proceedings and allows bankruptcy courts to look to preclude the re-litigation of issues previously determined in a non-bankruptcy court proceeding. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Halpern v. First Ga. Bank (In re Halpern)*, 810 F.2d 1061, 1064 (11th Cir. 1987); *Sterling Factors, Inc. v. Whelan*, 245 B.R. 698, 704 (Bankr. N.D. Ga. 2000).

When applying the collateral estoppel doctrine, this Court must look to the law of the jurisdiction in which the "judgment was rendered in order to determine its preclusive effect." *In re Williams*, 282 B.R. at 272 (quoting *In re Brownlee*, 83 B.R. 836, 838 (Bankr. N.D. Ga. 1988) (internal quotation marks omitted)). In the Arizona District Court, where the Judgment was entered, collateral estoppel will bind parties to a decision on a previously litigated issue if the

5

following factors exist: (i) the issue was actually litigated in the prior proceeding; (ii) the parties had a full and fair opportunity and motive to litigate the issue; (iii) a valid and final decision on the merits was entered; (iv) resolution of the issue was essential to the decision; and (v) there exists a common identity of the parties. *See, e.g.*, *Garcia v. Gen. Motors Corp.*, 990 P.2d 1069, 1073 (Ariz. Ct. App. 1999); *see also Evans v. Pollard (In re Evans)*, 161 B.R. 474, 477 (9th Cir. B.A.P. 1993) (showing that the federal elements are virtually the same). Thus, if the elements of collateral estoppel exist, then the doctrine shall be applied to give preclusive effect to the Judgment rendered in the Arizona District Court, as modified by the Ninth Circuit Order.

### 1. The Grounds for Non-Dischargeability Were Actually Litigated in the Arizona District Court

The first prong of the collateral estoppel test exists because the issues litigated in the Arizona District Court are legally and practically identical to the issues presently before this Court in this Adversary Proceeding, and the parties actually litigated all issues in question. Specifically, the parties fully litigated and the Arizona District Court's Judgment was based upon findings of trademark infringement, false advertising, and unfair competition/cybersquatting, while the instant Adversary Proceeding and non-dischargeability action is premised upon the existence of willful and malicious injury by the Defendant to the Plaintiff. *See* 11 U.S.C. § 523(a)(6).

Under § 523(a)(6), "an act is 'willful' *and* 'malicious' if performed with either an objective substantial certainty of harm or a subjective motive to cause harm." *Britt's Home Furnishing, Inc. v. Hollowell (In re Hollowell)*, 242 B.R. 541, 544 (Bankr. N.D. Ga. 1999) (adopting the Fifth Circuit standard). Similarly, the Jury Verdict, read in conjunction with the jury instructions, compels a finding that the elements that were necessary to establish the Defendant's liability for trademark infringement (as well as the aiding and abetting thereof),

6

false advertising, and cybersquatting include, and are identical to, the elements of "willful and malicious injury" required under § 523(a)(6). Indeed, case law in other jurisdictions confirms that willful copyright infringement establishes grounds for non-dischargeability under § 523(a)(6). *See, e.g.*, *Frye v. Excelsior College (In re Frye)*, 2008 Bankr. LEXIS 4686, *31-*33 (B.A.P. 9th Cir. Aug. 19, 2008) (affirming bankruptcy court's application of issue preclusion in entering summary judgment determining that debts arising from willful copyright infringement are non-dischargeable under § 523(a)(6)); *CoxCom, Inc. v. Chaffee (In re Chaffee)*, 2010 Bankr. LEXIS 1756, *4-*5 (Bankr. D.R.I. Apr. 14, 2010) (granting creditor's motion for summary judgment and applying collateral estoppel because the issues involved in the dischargeability action were "easily and comprehensively subsumed within the very similar factual issues" litigated in a prior district court action).

    Here, as discussed above, the Arizona District Court instructed the jury that in order to find the Defendant liable for aiding and abetting certain co-defendants' in trademark infringement, the jury had to find that the Defendant "was aware" that those parties would/did engage in such conduct and that he "provided substantial assistance or encouragement . . . with the intent of promoting the wrongful conduct." (Ariz. Dkt. No. 365 at 48). In response to these instructions, the jury found the Defendant guilty on two counts of aiding and abetting trademark infringement. (Ariz. Dkt. No. 370 at 5). Regarding trademark infringement, the Arizona District Court instructed the jury that it must "determine whether the Defendant[] used the trademark willfully, knowing it was an infringement." (Ariz. Dkt. No. 365 at 54). In response to this instruction, the jury found that the Plaintiff had proven "by clear and convincing evidence that the infringement was willful". (Ariz. Dkt. No. 370 at 10). Regarding false advertising, the Arizona District Court instructed the jury that it must "determine whether Defendant[] acted

7

willfully," in that the Defendant's "actions were intended to deceive, cause confusion, or cause mistake amongst the public." (Ariz. Dkt. No. 365 at 59). In response to this instruction, the jury found that the Plaintiff had proven "by clear and convincing evidence that the Defendant[] acted willfully" in this regard. (Ariz. Dkt. No. 370 at 15). Finally, regarding cybersquatting, the Arizona District Court instructed the jury that it must find that the Defendant acted "with a bad faith intent to profit[,]" and that the Defendant lacked "reasonable grounds" to believe that his conduct "was a fair use or otherwise lawful." (Ariz. Dkt. No. 365 at 55-57). In response to this instruction, the jury found that the Plaintiff had proven by "a preponderance of the evidence" that the Defendant engaged in cybersquatting. (Ariz. Dkt. No. 365 at 55; Ariz. Dkt. No. 370 at 11). The Jury Verdict further awarded statutory and actual damages, as well as restitution of profits to the Plaintiff based upon the Defendant's liability on all of these charges.

Furthermore, "[a]s a general rule, when a question of fact is put in issue by the pleadings, is submitted to the trier of fact for its determination, and is determined, that question of fact has been actually litigated." *In re Williams*, 282 B.R. at 272 (internal quotation marks omitted). In this case, the issues of trademark infringement, false advertising, and cybersquatting, which have been shown to be practically and legally identical to the elements of willful and malicious injury under § 523(a)(6), were set forth in pleadings, submitted to a jury with specific court instructions, and determined by the Jury Verdict dated October 2, 2009. The Arizona District Court subsequently memorialized the Jury Verdict when it issued the Judgment finding the Defendant liable for each of the Plaintiff's claims. Further yet, the Defendant appealed the Judgment to the Ninth Circuit, whose order modified the extent of the damages awarded to the Plaintiff, but left undisturbed the Judgment's allocation of liability on each of the Plaintiff's claims. There can therefore be no dispute that the issues of trademark infringement, false

8

advertising, and cybersquatting, as they pertain to the issues before this Court in this Adversary Proceeding, were actually tried in the Arizona District Court and the Ninth Circuit.

Because the requirements for finding the Defendant liable for trademark infringement (as well as the aiding and abetting thereof), false advertising, and cybersquatting include, and are identical to, the elements of "willful and malicious injury" required under § 523(a)(6), and because these issues have been actually litigated in prior proceedings, the Plaintiff has satisfied the first prong of the collateral estoppel test requiring that the grounds for non-dischargeability actually be litigated in the prior proceeding.

### 2. The Defendant Had a Full and Fair Opportunity to Litigate the Grounds for Non-Dischargeability in the Arizona District Court and the Ninth Circuit

The second element of the collateral estoppel test exists in this Adversary Proceeding because the Defendant has had a full and fair opportunity to litigate as to the presence or absence of the grounds for non-dischargeability – willful and malicious injury by the Defendant to the Plaintiff. *See* 11 U.S.C. § 523(a)(6). The standard with regards to the second element asks whether the Defendant "had adequate notice of the issue and was afforded the opportunity to participate in its determination." *In re Williams*, 282 B.R. at 277.

By its Complaint dated August 3, 2005, and as amended on April 8, 2008, the Plaintiff made the Defendant fully aware of the causes of action that the Plaintiff was bringing forward to the Arizona District Court. The Defendant does not claim that he was denied proper service, nor does he state he was afforded less than a full right to participate in the adjudication of these issues at the district level. *See id.* Furthermore, to the extent that "willful and malicious" injury, as this jurisdiction defines them in § 523(a)(6), were all necessary components of the claims that the Plaintiff had to prove, the Defendant would have had full and fair opportunity, not to mention

9

significant motive, to disprove their existence at trial, where the Defendant was represented by counsel and had the opportunity to call witnesses and present other evidence to the jury. The Jury Verdict and the resulting Judgment show that the Defendant failed to do so.

The Defendant also had the opportunity to appeal the Judgment to the Ninth Circuit, which he, as well as other co-defendants, elected to do. On appeal however, the Defendant failed to challenge the jury's findings of his liability for trademark infringement (or the aiding and abetting thereof), false advertising, or cybersquatting. The Ninth Circuit issued its order, and no further appeals have ensued. For these reasons, there can be no dispute that the Defendant received a fully and fair opportunity to litigate the grounds for non-dischargeability in both the Arizona District Court and the Ninth Circuit. As such, the Plaintiff has proven the second prong of the collateral estoppel test requiring that the Defendant receive a full and fair opportunity to litigate the issues presented in this Adversary Proceeding.

### 3. The Arizona District Court's Judgment, as Modified by the Ninth Circuit Order Constitutes a Valid and Final Decision on the Merits

The third element of the collateral estoppel test exists here because there is no dispute that the Arizona District Court's Judgment, as Modified by the Ninth Circuit Order, constitutes a valid and final decision on the merits. As discussed above, the Defendant had full opportunity at the district court level to litigate the issues of trademark infringement, false advertising, and cybersquatting, as well as their required, component elements, which in each case included proof of willfulness and bad intent. The Defendant also had every opportunity to obtain a final judgment in his favor at the appellate level, though at no point did the Defendant challenge his liability on the charges alleged in the Plaintiff's Complaint. As such, the Ninth Circuit issued the Ninth Circuit Order, which modified the *awards* given in the Arizona District Court Judgment, but did not alter the jury's findings that the Defendant was *liable* to the Plaintiff for each of the

10

causes of actions pled in its Complaint. The Defendant has not appealed the Ninth Circuit Order, and the underlying proceedings have thus now reached finality. Therefore, the Plaintiff has proven the third prong of the collateral estoppel test requiring that the previous courts reached a valid, final decision on the merits regarding the issues in question.

### 4. Resolution of the Grounds for Non-Dischargeability Was Essential to the Arizona District Court's Judgment, as Modified by the Ninth Circuit Order

The fourth element of the collateral estoppel exists in this Adversary Proceeding because the jury's findings in the Arizona District Court regarding the Defendant's liability for trademark infringement, false advertising, and cybersquatting, which were left undisturbed in the Ninth Circuit, essentially determine the identical issue of the Defendant's willful and malicious injury to the Plaintiff under § 523(a)(6). *See id.* at 274. As discussed at length above, the Jury Verdict, as reflected in the Arizona District Court's Judgment, found the Defendant liable for trademark infringement (and the aiding and abetting thereof), false advertising, and cybersquatting, each of which *required* a finding that the Defendant acted willfully and/or in bad faith. (*See generally* Ariz. Dkt. Nos. 365, 370). But for a finding that the Defendant *willfully* infringed on the Plaintiff's trademark (and aided and abetted other entities in doing so), *willfully* advertised falsely, and committed cybersquatting with a *bad faith* motive, then the Defendant would not have been found liable on any of the charges that the Plaintiff made in its Complaint. As such, there can be no dispute that these issues were essential to the adjudication of the action in the Arizona District Court and the resulting Judgment. These issues of bad faith and willful and malicious injury are the same issues currently before the Court on the Plaintiff's non-dischargeability action. Therefore, the Plaintiff has proven the fourth prong of the collateral estoppel test requiring essentiality.

11

### 5. The Parties in the Arizona District Court and Ninth Circuit Proceedings Are Identical to the Parties in this Adversary Proceeding

Finally, the fifth element of the collateral estoppel test exists here because no dispute exists that the parties to the instant Adversary Proceeding – Plaintiff Benny Wayne Butler and Defendant Skydive Arizona, Inc. – were also parties to the proceedings before the Arizona District Court and the subsequent appeals to the Ninth Circuit. Because each party to this Adversary Proceeding was also a party to the underlying Arizona District Court and Ninth Circuit proceedings, the Plaintiff has satisfied the fifth prong of the collateral estoppel test requiring common identity of the parties.

### 6. The Plaintiff Has Established All Five Prongs of the Collateral Estoppel Doctrine

As all five prongs of the test for collateral estoppel in Arizona and the Federal Districts have been satisfied on the existence of willful and malicious injury under § 523(a)(6), the Plaintiff is not required to re-litigate these issues in this Adversary Proceeding. As this Court determines whether the Plaintiff's claims against the Defendant are non-dischargeable, the Court should give preclusive effect to both the Arizona District Court's Judgment regarding the Defendant's liability for trademark infringement, false advertising, and cybersquatting and the Judgment's determination of damages, as modified by the Ninth Circuit Order. *See Sterling Factors*, 245 B.R. at 708-09.

Thus, the Plaintiff having already once proven the Defendant's liability for willful and malicious injury to the Plaintiff in the Arizona District Court and the Ninth Circuit, the Defendant shall be collaterally estopped in the present Adversary Proceeding by such past judicial determinations.

12

## **Conclusion**

For the reasons set forth in the above arguments, the Plaintiff submits that the Defendant is collaterally estopped from re-litigating the existence of "willful and malicious injury", as defined in § 523(a)(6) of the Bankruptcy Code. As evidenced by the Arizona District Court Judgment (as modified by the Ninth Circuit Order), the Plaintiff has already proven these issues, which were necessarily, fully subsumed within the same issues that the jury was tasked with deciding in that previous proceeding. The Plaintiff is therefore entitled to a finding that the debt owed to it by the Defendant is non-dischargeable as a matter of law.

This 21st day of January, 2013.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

 /s/ Laura E. Woodson

| | |
|---|---|
| 1500 Candler Building | LAURA E. WOODSON |
| 127 Peachtree Street, NE | Georgia Bar No. 775310 |
| Atlanta, GA 30303 | JOSEPH J. MINOCK |
| T: (404) 893-3880 | Georgia Bar No. 863687 |
| F: (404 893-3886 | *Counsel for the Plaintiff* |
| E: lwoodson@swlawfirm.com | |
|    jminock@swlawfirm.com | |

13

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a true and correct copy of the foregoing **Brief in Support of Plaintiff's Motion for Summary Judgment** by causing same to be deposited in the United States Mail with adequate postage affixed thereon and addressed to the following persons:

Adam D. Herring
The Rothbloom Law Firm
31 Atlanta Street
Marietta, GA 30060

Benny Wayne Butler
86 Country Road
Rockmart, GA 30153

Martin P. Ochs
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Thomas D. Richardson
Chapter 7 Trustee
Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP
P.O. Box 5007
615 West First Street
Rome, GA 30161

This 21st day of January, 2013.

SCROGGINS & WILLIAMSON, P.C.

 /s/ Laura E. Woodson
LAURA E. WOODSON
Georgia Bar No. 775310
JOSEPH J. MINOCK
Georgia Bar No. 863687
*Counsel for the Plaintiff*

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
T: (404) 893-3880
F: (404 893-3886
E: lwoodson@swlawfirm.com
   jminock@swlawfirm.com

14